UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60729-CIV-HUCK/O'SULLIVAN

ACT LENDING CORPORATION and
NELSON HAWS, JR.,

    Plaintiffs,

vs.

MORTGAGE INSURANCE AGENCY,
LTD., INC., and NATIONAL UNION
FIRE INSURANCE CO. OF
PITTSBURGH PENNSYLVANIA,

    Defendants.
_____/

### ORDER ON MOTION FOR SUMMARY JUDGMENT

    This matter came before the Court on the Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania's motion for summary judgment (D.E. #34), filed November 18, 2009. The Court has reviewed the motion, its associated responses, and is otherwise fully informed in the premises. The Court grants summary judgment in National Union's favor and against Plaintiff Act Lending Corporation.

    The Court's order on the Plaintiffs' motion to remand sets forth a general outline of the litigation between the parties. *Act Lending Corp. v. Mortgage Ins. Agency, Ltd., Inc.*, 2009 WL 2834789, at *1 (S.D. Fla. Aug. 27, 2009). In summary, Act Lending seeks relief against its insurer, National Union, under two counts: under Count I, Act Lending seeks a declaratory judgment declaring that the policy in question provides coverage for the claims that NattyMac Capital LLC brought against Act Lending and Nelson Haws, Jr. in a Florida state-court case styled *NattyMac Capital LLC v. Nelson S. Haws, Jr. and ACT Lending Corp.*, Case No.: 08-28458-12 (Fla. 17th Jud. Cir.); under Count II, Act Lending seeks, among other relief, contract-based damages against National Union.

    In its motion for summary judgment, National Union argues that the insurance policy in

question is a "claims made" policy that only provides coverage when the insured gives notice during the policy period, and because Act Lending failed to give National Union notice during the policy period, the policy forecloses coverage. In response to this argument, Act Lending initially argued that it had given adequate notice during the policy period when it notified Mortgage Insurance Agency, Ltd., the independent broker that sold Act Lending the policy, of the claim. Act Lending pursued its theory that notice to National Union's alleged agent was adequate until Act Lending was unable to uncover any summary judgment evidence that demonstrated that National Union and Mortgage Insurance Agency shared a principal-agent relationship. Therefore, Act Lending filed a notice advising the Court that "[w]ithin its production, National Union produced documents supporting the contention that [Mortgage Insurance Agency] was not an agent of National Union. Candidly, [Act Lending] has no evidence to the contrary." (D.E. #53.)

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is material "if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit"; a factual dispute is genuine "if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GmbH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citations omitted).

When an insurance policy requires the delivery of notice to the insurer during the policy period before the insurer may face any liability, then whether the insurer was notified of the claim during the policy period is a material fact. In this case, the policy requires notice to the insurer during the policy period.[1] Therefore, Act Lending can neither obtain a declaratory judgment that coverage is due under the policy nor damages for breach of the policy if Act Lending is unable to show that it delivered the requisite notice during the appropriate time period. *See Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So. 2d 512, 515 (Fla. 1983) ("With claims-made policies . . . [c]overage

---

[1] Under the policy, the insurer agrees "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages resulted from any Claim(s) first made against the Insured and reported to the Insurer during the Policy Period . . . ." (D.E. #36-1 at § I.1.)

2

depends on the claim being made and reported to the insurer during the policy period. If a court were to allow an extension of reporting time after the end of the policy period, such is tantamount to an *extension of coverage* to the insured gratis, something for which the insurer has not bargained. . . . This we cannot and will not do.") (emphasis in original). Although Act Lending initially sought to create a genuine dispute as to that material fact by arguing that it had notified Act Lending through an agent, that dispute is no longer genuine because Act Lending has conceded that there is no agency between National Union and Mortgage Insurance Agency.[2] In other words, given the parties' agreement on that fact, no rational fact-finder could find that Mortgage Insurance Agency was National Union's agent.

Therefore, it is ORDERED and ADJUDGED that summary judgment is granted in favor of National Union and against Act Lending on Counts I and II of Act Lending's complaint against National Union. Because Act Lending failed to notify National Union of NattyMac's claim during the policy period as required by the policy, National Union was not required to defend or indemnify the Plaintiffs for the claims made and damages awarded in *NattyMac Capital LLC v. Nelson S. Haws, Jr. and ACT Lending Corp.*, Case No.: 08-28458-12 (Fla. 17th Jud. Cir.). Because this order disposes of all claims against National Union, the relief that National Union sought by joining Mortgage Insurance Agency's motion in limine (D.E. #58) is denied as moot.

DONE in Chambers, Miami, Florida, February 12, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record

---

[2] The Court commends Act Lending's counsel for his candor and professionalism in retreating from an argument that could not be supported by the evidence obtained during the discovery process. Counsel's concession is in keeping with his obligations under Rule 11(b)(3)-(4) of the Federal Rules of Civil Procedure and Rule 4-3 of the Rules Regulating the Florida Bar. Unfortunately, there are far too many examples of far less professional conduct filling the pages of the Federal Reporter. *See, e.g., In re Evergreen Sec., Ltd.*, 570 F.3d 1257 (11th Cir. 2009); *Ledford v. Peeples*, 568 F.3d 1258 (11th Cir. 2009).

3